MIED ProSe 1 (Rev 5/16) Complaint for a Civil Case

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

US Government
LaShawn Young

*(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)*

**v.**

CSL Plasma; Paul Perreault; Daniel Tasiemski
Metlife; Ogletree Deakins;
Michael Tricarico; Traveler's Insurance

*(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)*

Case: 2:20-cv-10738
Judge: Borman, Paul D.
MJ: Stafford, Elizabeth A.
Filed: 03-19-2020 At 04:00 PM
CMP YOUNG V CSL PLASMA ET AL (SS)

Jury Trial: ☑ Yes ☐ No
*(check one)*

# Complaint for a Civil Case

MIED ProSe 1 (Rev 5/16) Complaint for a Civil Case

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | LaShawn Young ( Re|4tun ) |
| Street Address | 20687 Kensington Court Apt 206 |
| City and County | Southfield - Oakland County |
| State and Zip Code | Michigan 48076 |
| Telephone Number | 248-266-1310 |
| E-mail Address | lashawnyoung@gmail.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | CSL Plasma, Paul Perreault, Daniel Tasiemski |
| Job or Title (if known) | Paul Perreault (CEO) & D. Tasiemski (Manager) |
| Street Address | 900 Broken Sound Pkwy NW #400 |
| City and County | Boca Raton - Palm Beach County |
| State and Zip Code | Florida 33487 |
| Telephone Number | 561-981-3700 |
| E-mail Address (if known) | paul.perreault@cslbehring.com |

Defendant No. 2

| | |
|---|---|
| Name | Metlife |
| Job or Title (if known) | |
| Street Address | 200 Park Ave |
| City and County | New York City - New York County |
| State and Zip Code | New York 10017 |
| Telephone Number | (800) 638-5433 |
| E-mail Address (if known) | |

2

MIED ProSe 1 (Rev 5/16) Complaint for a Civil Case

Defendant No. 3

| | |
|---|---|
| Name | Ogletree Deakins Law Firm; Michael Tricarico |
| Job or Title (if known) | Attorney Michael Tricarico |
| Street Address | 9130 S Dadeland Boulevard Suite 1625 |
| City and County | Miami - Dade County |
| State and Zip Code | Florida 33156 |
| Telephone Number | 305-374-0506 |
| E-mail Address (if known) | michael.tricarico@ogletree.com |

Defendant No. 4

| | |
|---|---|
| Name | Traveler's Insurance |
| Job or Title (if known) | |
| Street Address | 485 Lexington Ave |
| City and County | New York City - New York County |
| State and Zip Code | New York 10017 |
| Telephone Number | (917) 778-6000 |
| E-mail Address (if known) | |

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✓] Federal question          [✓] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

3

MIED ProSe 1 (Rev 5/16)  Complaint for a Civil Case

**A.      If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

31 USC 3729 et seq - False Claims Act & Qui Tam
18 U.S. Code §1964 - Civil RICO Remedies
42 U.S.C. § 12101 et seq - Americans With Disabilities Act
18 U.S. Code §1341 - Frauds and Swindles
MCL 600.5813 - Fraud

**B.      If the Basis for Jurisdiction Is Diversity of Citizenship**

1.     The Plaintiff(s)

   a.     If the plaintiff is an individual
         The plaintiff, *(name)* United States (Relator LaShawn Young)          ,
         is a citizen of the State of *(name)* Michigan                  .

   b.     If the plaintiff is a corporation
         The plaintiff, *(name)* NA                                        ,
         is incorporated under the laws of the State of *(name)*
         NA                        , and has its principal place of business in the
         State of *(name)* NA                      .

   *(If more than one plaintiff is named in the complaint, attach an additional page
   providing the same information for each additional plaintiff.)*

2.     The Defendant(s) - See Additional Information section for the rest of defendants

   a.     If the defendant is an individual
         The defendant, *(name)* CSL Plasma              , is a citizen of the
         State of *(name)* Florida                  . *Or* is a citizen of *(foreign
         nation)* NA                      .

   b.     If the defendant is a corporation
         The defendant, *(name)* CSL Plasma              , is incorporated
         under the laws of the State of *(name)* Florida                  , and
         has its principal place of business in the State of *(name)*
         Florida                  . *Or* is incorporated under the laws of
         *(foreign nation)* NA                        , and has its principal place
         of business in *(name)* NA                    .

   *(If more than one defendant is named in the complaint, attach an additional
   page providing the same information for each additional defendant.)*

4

MIED ProSe 1 (Rev 5/16)  Complaint for a Civil Case

3.    The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes
or the amount at stake—is more than $75,000, not counting interest and costs of
court, because *(explain)*:  Numerous current of former CSL employees
were victimized by CSL & it's agents. As such,
damages exceed $75,000.

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly
as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.
State how each defendant was involved and what each defendant did that caused the plaintiff
harm or violated the plaintiff's rights, including the dates and places of that involvement or
conduct.  If more than one claim is asserted, number each claim and write a short and plain
statement of each claim in a separate paragraph.  Attach additional pages if needed.

Please see the Statement of Claim enclosure.

MIED ProSe 1 (Rev 5/16)  Complaint for a Civil Case

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Relief statement included in "Statement of Claims" enclosure.

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: March 19 _____, 2020 .

Signature of Plaintiff    _____

Printed Name of Plaintiff    LaShawn Young on behalf of the United States

6

MIED ProSe 1 (Rev 5/16)  Complaint for a Civil Case

**Additional Information:**

See enclosed Statement of Claim, Relief Sought, Additional Info etc.

Defendants

Paul Perreault, Daniel Tasienski & Michael Tricarico are Individuals & Citizens of the state of Florida (for purposes of this case).

Ogletree Deakins is incorporated under the laws of the State of Florida, and has its principal place of business in the state of Florida.

Metlife & Traveler's Insurance are Incorporated under the laws of the state of New York and have their principal place of business in the State of New York.

3/19/2020

   I.   Statement of Claim
   II.   Relief Sought
   III.   Additional Information and Supporting Documents

**RE: United States (via Relator LaShawn Young - LY) vs CSL Plasma, Metlife et al**

**I.   Statement of Claim**

CSL Plasma, Metlife, Traveler's Insurance, et al, are engaging in a Fraud and Corruption Scheme to wrongfully terminate employees, wrongfully deny disability claims and workman's comp claims, wrongfully deny unemployment benefits etc.

As such, CSL requires it's employees to contact managers while employees are on medical leave(s) of absence. However, CSL's managers keep **NO** records of said mandatory communications, which CSL then uses to wrongfully terminate employees, by claiming employees failed to contact managers **(per item #1 below -- LY previously sued CSL via Federal Case #2:15-cv-10080).**

Accordingly, in the case of Relator LY, CSL Manager Daniel Tasiemski **(DT)**, blatantly committed **Felony Perjury** during Michigan Unemployment Hearings on **6/11/2014** and **7/23/2014**, per DT's sworn testimony that LY failed to contact DT on **2/12/2014** and **3/19/2014 (per the enclosed CSL letters requiring LY to contact DT on said dates...Naturally, LY called and emailed DT and CSL on all dates in question)**

Also, DT and CSL **(aided and abetted by Ogletree Deakins Attorney, Michael Tricarico)** omitted and concealed the fact that on **3/19/2014**, DT was **OUT OF THE OFFICE AND UNAVAILABLE (per an auto-reply from DT's CSL email account),** while being investigated for Perjury by Michigan State Police Detective, Larissa Lamay on approx **1/29/2015.**

Additionally, Metlife **(CSL's disability contractor)** systematically and wrongfully denies claimants due process in violation of ERISA Sections **404(a)(1) and 29 USC 1104 (a)(1)(a),** which state that a fiduciary shall discharge his or her duties with respect to a plan, **SOLELY** in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries **(LY previously sued Metlife via Federal Case #2:15-cv-11028)**

1

As such, Metlife previously settled for approx **$500-Million Dollars** for wrongfully denying life-insurance claims, per the **Death Master File Lawsuit (article is enclosed per item #6 below).**

Accordingly, in the case of Relator LY, Metlife wrongly and maliciously denied LY's claim for Short-Term Disability Benefits on **3/19/2014**, after Metlife gave LY **less than two-weeks** to obtain a new-patient appointment with a psychiatrist, when said appointments **typically take three-months or longer to obtain (per item #5 below).**

Subsequently, Metlife maliciously contacted psychiatrist, Varsha Karamchandani **(VK)**, on multiple occasions, despite LY's explicit instructions that VK **NOT** be contacted, due to VK's negligence and malpractice against LY, during an office consultation on **3/6/2014 (VK denies said office consultation, hence LY's discovery requests for VK's and LY's GPS records and other records, per Federal lawsuit 2:15-cv-10080)**

Consequently **(in response to Metlife's malicious and bad faith inquiries)**, VK falsely denied having an office consultation with LY on **3/6/2014**, which Metlife used to justify it's wrongful denial of LY's initial claim and appeal for Short Term Disability Benefits.

As of March 2020, Traveler's Insurance **(CSL's Workman's Comp Insurer)**, attempted to obtain a biased medical evaluation **(in favor of CSL and Traveler's)**, by scheduling LY for an appointment with Dr Harvey Ager, whose extensively negative online reviews **(posted by patients he evaluated)** indicate that he is extremely anti-patient and anti-claimant **(CSL and Traveler's use biased physicians like Ager, to assist in wrongfully denying claims, justify wrongful termination etc - See enclosures, per item #7 below)**

Accordingly, the actions of Traveler's, Metlife, Ogletree Deakins, CSL et al, highlight an elaborate fraud and corruption scheme, which have victimized untold numbers of current and former CSL employees, which only Federal Authorities can investigate and punish.

> **SIDENOTE** - Previously, LY submitted complaints to the US Dept of Labor, FDA, FBI EEOC, Michigan Attorney General, New York Dept of Financial Services, Florida Attorney General, all to no avail.

2

## II. Relief Sought

Since CSL receives various tax breaks, incentives, grants etc, to hire unemployed and underemployed individuals, the actions of CSL and it's various agents, constitute Fraud, False Claims etc.

As such, Relator LY seeks the involvement of the Dept of Justice and other relevant government agencies/regulators to recover lost wages, punitive and compensatory damages caused to former and current CSL employees, The United States etc.

## III. Additional Information and Supporting Documents

Due to the exhaustive amount of supporting documentation, Relator LY will provide scanned PDF's to any and all parties involved in these matters **(said PDF's include Transcripts, Metlife's Administrative Records, Court Briefs, Perjury Videos & Transcripts, CSL's Standard Operating Procedures, etc).**

As such, the following items provide an overview of the allegations contained in this complaint:

1) Various Letters **(Implied Contracts)** from CSL Plasma to Relator LY, instructing LY to contact Manager Daniel Tasiemski **(DT) on or before 2/13/2014 and 3/19/2014,** to maintain LY's employment with CSL **(LY fulfilled these terms per item #2 below).** Said letters also instructed LY to provide Medical Documentation supporting LY's claim for Short Term Disability to Metlife, which LY did, but was wrongfully denied by Metlife, after Metlife gave LY less than two-weeks to obtain a new patient appointment with a psychiatrist, when said appointments typically take three-months or longer to obtain **(per Metlife's wrongful denial of LY's claim on 3/19/2014).**

2) **3/19/2014** Auto-Reply from DT's CSL email account, stating that DT would be out of the office until **3/28/2014 (in response to LY's emails and phone calls to DT on 3/19/2014). 2/12/2014 Transcript of Phone Call** between DT and LY on 2/12/2014. LY's phone records on 2/12/2014 and 3/19/2014, show that LY called DT at 313-305-1218 on both dates, per CSL's letters in item #1 above. **7/24/2014 Michigan Unemployment Court Ruling** in favor of LY, which states that LY called and emailed DT per CSL's specifications, but DT was unreachable on

3

3/19/2014. **2/11/2015 Letter from Ogletree Deakins Attorney MichaelTricarico (MT)** to the EEOC, stating numerous lies about LY and also exposing the blatant bias of Michigan State Police Detective, Larissa Lamay **(LL)**, per the footnote on the 2nd page of said letter, stating that LL complained about LY to DT and MT during a Perjury investigation on approx **1/29/2015 (hence the reason LY was never interviewed by LL despite LY being the complainant which caused DT and CSL to be investigated by LL)**

3) **DT repeatedly and knowingly committing Felony Perjury,** per his sworn testimony, that LY never contacted him *(which LY did on all required dates - 2/12/2014 & 3/19/2014)* while LY was on medical leave from 1/13/2014 to 3/21/2014 - https://youtu.be/IO2EdTnBhFY *(Link is Case Sensitive -- runtime approx 6-minutes --- at 2:50,* the video contains audio of a phone call between DT and LY *(on 2/12/2014)* which indisputably proves that DT knew he was lying under oath, which indisputably proves perjury. Accordingly, DT received several emails from LY during the time in question *(via DT's CSL email account)*, one of which DT verified while on the call in the video (at approx **4:00).**

4) At **18:50** in this video - https://youtu.ee/P32TISShtg **(link is case sensitive) -** DT, aided and abetted by MT, omitted and lied to Detective LL, regarding LY's calls and emails to DT on 2/12/2014 and 3/19/2014. Specifically, DT and MT blatantly omitted that on **3/19/2014**, DT was **OUT OF THE OFFICE AND UNAVAILABLE until 3/28/2014,** per LY's calls and emails to DT on 3/19/2014 **(see items in #2 above).** For reference, please see 2:15-cv-10080, LY's filing on **8/17/2015 (court brief and transcript from the video above),** which detail the numerous lies of DT, MT and CSL while being investigated for Perjury by Detective LL on approx **1/29/2015.** Also, per **2:15-cv-10080,** see LY's filing on **5/19/2015 (court brief and transcripts),** which detail DT and CSL blatantly committing perjury and omitting pertinent information during sworn testimony at Michigan Unemployment Hearings on **6/11/2014 & 7/23/2014.**

5) Per Case 2:15-cv-11028, see LY's filing on **7/9/2015,** which details Metlife's **(CSL's disability contractor)** malicious and anti-claimant practices, such giving LY less than two-weeks to obtain a new-patient appointment with a psychiatrist, when said appointments typically take several months to obtain **(per specific documents, contained in Metlife's Administrative Record, which were referenced in LY's 7/9/2015 filing).** Additionally, per LY's 7/9/2015 filing, Metlife's malicious practice of soliciting information from physicians, which

claimants instructed Metlife **NOT** to contact, is detailed **(Metlife uses said practices, to justify wrongfully denying claims).**

6) **Metlife settles for nearly $500-Million Dollars for Wrongfully Denying Claims, per Death Master File Lawsuit.**

7) **3/9/2020** Traveler's Insurance **(CSL's Workman's Comp Insurer)** attempts to obtain a biased medical evaluation **(in favor of CSL and Traveler's and against LY)** from Dr Harvey Ager **(whose highly negative online reviews indicate his anti-claimant, anti-patient bias)**, regarding work injuries LY sustained directly and proximately from the hostile, discriminatory, retaliatory etc, actions of CSL Plasma et al **(LY's injuries include, but are not limited to anxiety, stress, heart palpitations, heart surgery, mental anguish, lost wages etc).**

In closing, the actions of CSL, Metlife, Ogletree Deakins, Traveler's etc, indicate an elaborate fraud and corruption scheme, which have victimized untold numbers of current and former CSL employees, which only Federal Authorities can investigate and punish.

Respectfully,

Relator LaShawn Young on behalf of the United States

CSL Plasma
900 Broken Sound Parkway, Suite 400
Boca Raton, FL USA 33487

Tel: (561) 981-3700
Fax: (561) 912-3005
www.cslplasma.com

## CSL Plasma

February 5, 2014

| | | | | |
|---|---|---|---|---|
| Ref: | Date: 05Feb14 | SHIPPING: | 9.76 |
| Dep: | Wgt: 0.50 LBS | SPECIAL: | 0.00 |
| | | HANDLING: | 0.00 |
| | DUT: 0.00 | TOTAL: | 10.76 |

MAILED FED EX AND REGULAR MAIL

Gtos: STANDARD OVERNIGHT
TRCK: 8773 6664 2763

LaShawn Young
20687 Kensington Ct
Apt 206
Southfield, MI 48076

Dear Mr. Young,

You have been absent from work since January 13, 2014. You advised your manager that you would be requesting a leave of absence and short term disability. From January 13, 2014 to present you failed to provide documentation to support your time away from work. As of January 27, 2014, your claim for short term disability has been denied by MetLife. You have not called, shown up for work and you are not out on any approved type of leave.

Our call- in procedures require:

If you will be out of the office for unscheduled occurrences in the future, you will be expected to follow proper call-in procedures. Your failure to do so may result in disciplinary action being taken.

The following must occur *before* February 13, 2014:

- Please contact your manager (Dan Tasiemski) at 313-305-1218 between 9:00 a.m. to 5:00 p.m. to discuss your status. If you are unable to talk with your manager directly, leave a message with a number and time where you can be reached on her voice mail so that he may reach you, *AND*
- Provide MetLife, ph:877-638-8262 with I medical information to certify your absence from January 13, 2014 through current, *OR*
- Return to work.

Failure to contact your manager, MetLife and/or report to work by February 13, 2014 will be considered your voluntary resignation of employment. If you do return to work by February 13, 2014, any unprotected, unapproved leave will be counted under the Attendance Policy as occurrences, and your status under the Attendance Policy will be evaluated, with possible disciplinary action.

If you have any questions, please call me. This letter is being sent to you via Federal Express delivery and regular mail.

Sincerely,

Tricia Jackson
HR Manager
(561-981-3748)

CSL Plasma
900 Broken Sound Parkway, Suite 400
Boca Raton, FL USA 33487

Tel: (561) 981-3700
fax: (561)981-3758
www.cslplasma.com

**CSL Plasma**

February 28, 2014

MAILED FEDEX AND REGULAR MAIL

Mr. LaShawn Young
20687 Kensington Ct., Apt 206
Southfield, MI 48076

Dear Mr. Young:

MetLife notified me that your absence from 01/13/14 to present was not approved for short-term disability (STD) benefits. You are not eligible for unpaid but protected FMLA. You are currently out on an unpaid, unapproved leave of absence with no job protection.

The following is a summary regarding your absence:

- MetLife has denied your request for short-term disability.
- MetLife has not received sufficient medical information to certify your continued absence from work.
- You have not returned to work and have been placed on an unpaid leave of absence as of 01/13/14.

The following must occur on or before March 17, 2014:

- Contact your manager (Dan Tasiemski) at 313-305-1218 between 9:00 a.m. to 5:00 p.m. to discuss your status. If you are unable to speak with your manager directly, leave a message with another member of management with a number and time where you can be reached so that he may reach you, AND
- Provide MetLife (phone: 877-638-6262)with additional medical information to certify your absence from January 13, 2014 through current, OR
- If you believe that your medical condition qualifies under the ADA, complete the information per the instructions on the first page of the ADA accommodation packet included in this correspondence and return to Human Resources (address is at the top/header of this letter and on the first page of the ADA accommodation ) by March 17, 2014, so that the information provided can be reviewed OR
- Return to work.

Failure to contact your manager, MetLife or submit a completed ADA accommodation packet/or report to work by March 17, 2014 will be considered your voluntary resignation of employment. If you do return to work by March 17, 2014, any unprotected, unapproved leave will be counted under the Attendance Policy as occurrences, and your status under the Attendance Policy will be evaluated, with possible disciplinary action.

If you have any questions, please call me. This letter is being sent to you via Federal Express delivery and regular mail.

Sincerely,

Tricia Jackson
Human Resources Manager

Enclosures

CSL Plasma
900 Broken Sound Parkway, Suite 400
Boca Raton, FL USA 33487

Tel: (561) 981-3700
fax (561) 981-3758
www.cslplasma.com

**CSL Plasma**

March 03, 2014

MAILED FEDEX AND REGULAR MAIL

Mr. LaShawn Young
20687 Kensington Ct., Apt 206
Southfield, MI 48076

Dear Mr. Young:

This letter supersedes the letter dated: 02/28/14

MetLife notified me that your absence from 01/13/14 to present was not approved for short-term disability (STD) benefits. You are not eligible for unpaid but protected FMLA. You are currently out on an unpaid, unapproved leave of absence with no job protection.

The following is a summary regarding your absence:

- MetLife has denied your request for short-term disability.
- MetLife has not received sufficient medical information to certify your continued absence from work.
- You have not returned to work and have been placed on an unpaid leave of absence as of 01/13/14.

The following must occur on or before March 19, 2014:

- Contact your manager (Dan Tasiemski) at 313-305-1218 between 9:00 a.m. to 5:00 p.m. to discuss your status. If you are unable to speak with your manager directly, leave a message with another member of management with a number and time where you can be reached so that he may reach you, AND
- Provide MetLife (phone: 877-638-8262) with additional medical information to certify your absence from January 13, 2014 through current, OR
- If you believe that your medical condition qualifies under the ADA, complete the information per the instructions on the first page of the ADA accommodation packet included with this correspondence and return to Human Resources (address is at the top/header of this letter and on the first page of the ADA accommodation packet) by March 19, 2014, so that the information provided can be reviewed OR
- Return to work.

Failure to contact your manager, MetLife or submit a completed ADA accommodation packet/or report to work by March 19, 2014 will be considered your voluntary resignation of employment. If you do return to work by March 19, 2014, any unprotected, unapproved leave will be counted under the Attendance Policy as occurrences, and your status under the Attendance Policy will be evaluated, with possible disciplinary action.

If you have any questions, please call me. This letter is being sent to you via Federal Express delivery and regular mail.

Sincerely,

Tricia Jackson
Human Resources Manager

Enclosures

CSL Plasma
900 Broken Sound Parkway, Suite 400
Boca Raton, FL USA 33487

Tel: (561) 981-9700
Fax: (561) 912-3005
www.cslplasma.com

# CSL Plasma

March 18, 2014

MAILED FED EX AND VIA ELECTRONIC MAIL

Mr. LaShawn Young
20687 Kensington Ct., Apt 206
Southfield, MI 48076

Dear Mr. Young:

CSL Plasma is in receipt of your letter dated March 17, 2014. Please be advised that the findings of the investigation as detailed in the prior correspondence from CSL Plasma dated March 13, 2014, are unchanged, as is CSL Plasma's position on your request for a transfer. Regarding your work status please be reminded that the following must occur on or before March 19, 2014.

- Contact your manager (Dan Tasiemski) at 313-305-1218 between 9:00 a.m. to 5:00 p.m. to discuss your return-to-work status. If you are unable to speak with your manager directly, leave a message with another member of management with a number and time where you can be reached so that Dan may speak with you, AND
- Provide MetLife (phone: 877-638-8262) with additional medical information necessary to certify your absence from January 13, 2014 through current, OR
- If you believe that your current medical condition qualifies for an accommodation under the ADA, complete the information per the instructions on the first page of the ADA accommodation packet previously sent to you, and return the completed forms to Human Resources (address is at the top/header of this letter and on the first page of the ADA accommodation packet) by March 19, 2014, so that the information provided can be reviewed OR
- Return to work.

Failure to contact your manager, MetLife or submit a completed ADA accommodation packet/or report to work by March 19, 2014 will be considered by CSL Plasma as your voluntary resignation of employment. If you do return to work by March 19, 2014; please be advised that any unprotected, unapproved leave will be counted under the Attendance Policy as occurrences, and your status under the Attendance Policy will be evaluated, possibly resulting in disciplinary action.

If you have any questions, please call me. This letter is being sent to you via Federal Express delivery and via electronic mail.

Sincerely,

Tricia Jackson/MB

Tricia Jackson
Human Resources Manager

Gmail - Automatic reply: CSL Plasma Letter From Tricia Jackson



la shawn young <lashawnyoung@gmail.com>

## Automatic reply: CSL Plasma Letter From Tricia Jackson

1 message

**Daniel.Tasiemski@cslplasma.com** <Daniel.Tasiemski@cslplasma.com>       Wed, Mar 19, 2014 at 8:25 AM
To: lashawnyoung@gmail.com

I will be out of the center until Friday, March 28th. Please contact Brittany Bennett or Desmond James for any center related issues that need immediate attention.

This email, including any attachments, is confidential and contains proprietary content and may be legally privileged. This transmission is intended only for the designated recipient(s), and any duplication or distribution, in any form or part, without the written consent of the sender is strictly prohibited. These confidentiality protections apply even if you received this transmission in error, in which case you should delete the message, disregard its contents and notify the sender of the mistake. CSL Plasma.



**Transcript of Phone Call between Daniel Tasiemski and LaShawn Young**
**Date of Call: February 12, 2014**
**Transcribed by plaintiff LaShawn Young**
**Case #2:15-cv-10080**

1) Shawn Young (SY) - Wednesday February 12, 2014. 12:15pm. I am dialing Dan Tasiemski **(DT)** at 313-305-1218.

2) **CSL Phone System** - Thank you for calling CSL Plasma. To speak with a member of our helpful staff, please press zero.

3) **Nicole (CSL Employee)** - Thank you for calling CSL Lincoln Park, this is Nicole speaking.

4) **SY** -Hi Nicole, can I be transferred to Dan ?

5) **Nicole** - Sure, may I ask who's calling ?

6) **SY -** Yes, this is Shawn Young.

7) **Nicole** - Oh, hey Shawn. Okay, one second.

8) **DT** - Hello this is Dan.

9) **SY** - Hey Dan, this is Shawn Young. How're you doing ?

10) **DT** - Hey what's going on ?

11) **SY** - Nothing. Just had to call in per the letter I got from Tricia Jackson, so I sent an email with the documentation she was looking for and she needed an update. She also wanted me to call you and touch base with you, so I'm doing that now.

12) **DT** - Okay. Ummmm. Let me check my...log in, look at my email. I see your email. Oh I see, Okay. Okay. Ummm. Okay, Ummmm, I think she got this...Oh yeah she (Tricia Jackson), just sent me an email. Okay Ummm. Ummmm, do you have a return to work date ?

13) **SY -** Not yet. Still pending some tests so, don't have that just yet. But once I get it, I'll let you guys know.

14) **DT** - Okay. Okay, thanks for calling.

15) **SY -** Alright, thanks Dan.

16) **DT** - Alright no problem. Bye.

# END TRANSCRIPT - An unedited recording of this call is available for the Court's review. Plaintiff requests the Court's permission to submit the recording per Federal Rules of Evidence 608 et al, due to defendant's refusal to be truthful, defendant's blatant perjury, obstruction of justice, omissions, attempts to commit a fraud upon the Court etc



Sprint

| Customer | Account Number | Bill Period | Bill Date | A3 of 5 |
|---|---|---|---|---|
| Lashawn Young | | Jan 23- Feb 22 | Feb 26, 2014 | |

# Call details

### (517) 410-6640 (Continued)

### Voice Call Details

| | Date | Time | Phone Number | Call Destination | Rate Type | Minutes Used | Total Charges |
|---|---|---|---|---|---|---|---|
| 90 | | | | | | | |
| 91 | | | | | | | |
| 92 | | | | | | | |
| 93 | | | | | | | |
| 94 | | | | | | | |
| 95 | | | | | | | |
| 96 | | | | | | | |
| 97 | | | | | | | |
| 98 | | | | | | | |
| 99 | | | | | | | |
| 100 | | | | | | | |
| 101 | | | | | | | |
| 102 | | | | | | | |
| 103 | | | | | | | |
| 104 | | | | | | | |
| 105 | | | | | | | |
| 106 | | | | | | | |
| 107 | | | | | | | |
| 108 | | | | | | | |
| 109 | | | | | | | |
| 110 | | | | | | | |
| 111 | | | | | | | |
| 112 | | | | | | | |
| 113 | | | | | | | |
| 114 | | | | | | | |
| 115 | | | | | | | |
| 116 | | | | | | | |
| 117 | | | | | | | |
| 118 | | | | | | | |
| 119 | | | | | | | |
| 120 | | | | | | | |
| 121 | | | | | | | |
| 122 | | | | | | | |
| 123 | | | | | | | |
| 124 | | | | | | | |
| 125 | | | | | | | |
| 126 | | | | | | | |
| 127 | | | | | | | |
| 128 | | | | | | | |
| 129 | | | | | | | |
| 130 | | | | | | | |
| 131 | | | | | | | |
| 132 | | | | | | | |
| 133 | | | | | | | |
| 134 | | | | | | | |

*Handwritten note pointing to row 121:* Plaintiff's call to Don Tasiemski on 2/12/2014

NW - Night and Weekends     WC-Any Mobile, Anytime     AU - Anytime/Plan Usage     CW - Call Waiting



| | Customer | Account Number | Bill Period | Bill Date |
|---|---|---|---|---|
| | Lashawn Young | | Feb 23-Mar 22 | Mar 26, 2014 |

A4 of 5

## Call details
### (517) 410-6640 (Continued)
#### Voice Call Details

| Date | Time | Phone | Call Destination | Rate Type | Minutes | Total |
|---|---|---|---|---|---|---|

136
137
138
139
140
141
142
143
144
145
146
147
148
149
150
151
152
153
154
155
156
157
158
159
160
161
162
163
164
165
166
167
168
169
170
171
172
173
174
175
176  03/19  02:28 PM  313-305-1216  DETROIT,MI  AU  2:48
177
178
179
180

*Plaintiff's call to Dan Tasiemski on 3/19/14. Since Dan was out of the office, Plaintiff left a message with Desmond James (Asst. Mgr)*

WC-Any Mobile,Anytime    AU - Anytime/Plan Usage    NW - Night and Weekends    CW - Call Waiting

Rev 04/11        STATE OF MICHIGAN        Form 1850

MICHIGAN ADMINISTRATIVE HEARING SYSTEM

## DECISION

LASHAWN M YOUNG



ZLB BIOPLASMA INC
PO BOX 66744
SAINT LOUIS, MO 63166

**ADMINISTRATIVE LAW JUDGE: RAYMOND SEWELL**

Appeal No:   14-008531-UA

## JURISDICTION

On May 1, 2014, the claimant timely appealed a May 1, 2014 Unemployment Insurance Agency (Agency) Adjudication which held the claimant disqualified for benefits under Section 29(1)(b) of the Michigan Employment Security Act (Act). Requalification by rework was also required under Section 29(3).

## APPEARANCES

Hearings were held in a hearing held in Southfield, Michigan on June 11, 2014 and July 23, 2014 at which time the following participated:

| | |
|---|---|
| Lashawn Young | Claimant (June 11th and July 23, 2014) |
| Ms. Varentine | Witness for Claimant (July 23, 2014) |
| | |
| Tricia Jackson | Employer (June 11, 2014) |
| Dan Tasiemski | Employer (June 11th and July 23, 2014) |
| Erica Green | Attorney for Employer (June 11th and July 23, 2014) |

## FINDINGS OF FACT

The claimant stated that on February 5, 2014, he received a letter from the employer that indicated that as of January 27, 2014, his claim for short term disability had been denied by MetLife; that he had not called, shown up for work and he was not out on any approved type of leave. The claimant received another letter from the employer dated March 3, 2014 which indicated that he must contact his manager, Dan Tasiemski to discuss his employment status before March 19, 2014. The claimant stated that he

14-008531-UA
Page 1

made every effort to maintain contact with the employer and MetLife with respect to his employment before March 19, 2014. The claimant indicated that when he called Mr. Tasiemski, he found out he was out of the office until March 28, 2014.

## REASONING AND CONCLUSIONS OF LAW

Based on the relevant material and credible, substantial evidence taken in this appeal, the ALJ finds that the claimant separation was due to a medical reason and, is considered an involuntary separation. The ALJ made every effort to contact the MetLife but, could not make contact. The ALJ finds the doctor statement to be conclusive of the claimant's inability to return to the workplace notwithstanding the employer's leave policy and/or whether he qualified for FMLA.

## O R D E R

The Agency's May 1, 2014 Adjudication is modified. The Claimant is not disqualified for benefits under Section 29(1)(a) of the Act.

Requalification by rework is not required under Section 29(3).

The claimant is entitled to benefits for each claimed week following the filing for benefits, if otherwise eligible and qualified.

Decision Date: July 24, 2014                    RAYMOND SEWELL
                                                ADMINISTRATIVE LAW JUDGE



GLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*Attorneys at Law*

701 Brickell Avenue
Suite 1600
Miami, FL 33131
Telephone: 305.374.0506
Facsimile: 305.374.0456
www.ogletreedeakins.com

Michael R. Tricarico
305.455.3702
michael.tricarico@ogletreedeakins.com

*Via Overnight Mail*

February 11, 2015

A. Coburn, Investigator
Equal Employment Opportunity Commission
Detroit Field Office
477 Michigan Avenue, Room 865
Detroit, Michigan 48226

Re: *LaShawn Young vs.CSL Plasma Inc.; EEOC Charge No.: 471-2014-02854*

Dear Mr./Ms. Coburn:

We represent CSL Plasma Inc. ("CSL") in the above-referenced Charge of Discrimination (the "Charge"). This letter serves as CSL's answer to the Charge filed with the Equal Employment Opportunity Commission ("EEOC") by LaShawn Young ("Young").

Please be advised that the information and documentation provided herein is done so in strict confidence, and is to be used only for purposes of this matter. In addition, the submission of any information herein or documentation annexed hereto does not constitute a waiver of any defenses that CSL may have, but does not raise in this response. CSL reserves the right to supplement this response if appropriate.

**Company Description**

CSL is a Delaware corporation, with its headquarters located at 900 Broken Sound Parkway, Suite 400, Boca Raton, Florida 33487. CSL is a human plasma collection business consisting of plasma collection centers located in more than twenty states and a testing laboratory located in Knoxville, TN. CSL currently employees over six-thousand (6,000+) employees. The human plasma collected by CSL from its donors is used in the manufacture of high-grade pharmaceutical products by its parent company, CSL Behring LLC.

Atlanta • Austin • Birmingham • Bloomfield Hills • Boston • Charleston • Charlotte • Chicago • Cleveland • Columbia • Dallas • Greensboro • Greenville • Houston • Indianapolis • Jackson • Kansas City
Los Angeles • Memphis • Miami • Morristown • Nashville • New Orleans • Philadelphia • Phoenix • Pittsburgh • Raleigh • St. Louis • St. Thomas • San Antonio • San Francisco • Tampa • Torrance • Tucson • Washington

LaShawn Young v.CSL Plasma Inc.
EEOC Charge No.: 471-2014-02854
February 11, 2015
Page 2

## *CSL's Commitment to a Discrimination-Free Work Environment*

At all times during Young's employment with CSL, CSL maintained and enforced strict policies against discrimination, harassment and retaliation in the workplace. These policies included a strict prohibition against workplace discrimination based on race, gender, and retaliation for engaging in protected conduct.

CSL's anti-discrimination policies contain a complaint procedure whereby any CSL employee who believes that he/she was the victim of harassment, retaliation or discrimination can make a formal complaint to the Company. In addition to the ability to make a written or verbal complaint to a manager or Human Resources, CSL also provides two toll-free phone numbers for employees to report harassment, retaliation or discrimination of any kind; one of which is a "hotline" number whereby employees would be provided additional access to Human Resources personnel and services.

These policies and the complaint procedure are included in the CSL Employee Handbook, which is distributed to all CSL employees at the commencement of their employment. **(Exhibit A)**

## *Preliminary Statement*

Young's Charge is meritless and contains fabricated allegations all in furtherance of a bizarre continuing vendetta Young has embarked on against CSL and of one of its employees. To date, Young has filed a bogus complaint against CSL with the Michigan Occupational Safety & Health Administration ("MIOSHA"), which was summarily dismissed as meritless **(Exhibit B)**; made a complaint to the plasma collection industry regulatory body, which was rejected; complained to the Food and Drug Administration ("FDA"), which complaint was rejected; sued CSL and his former Center Manager, Daniel Tasiemski ("Tasiemski") for defamation and retaliation for whistleblowing **(Exhibit C)**; tried to have Tasiemski prosecuted by the State of Michigan for allegedly lying during Young's unemployment compensation hearing (also false);[1] filed a Bar Complaint against the undersigned, which was also summarily thrown-out **(Exhibit D)**; and posted a defamatory rant on YouTube against Tasiemski. **(Exhibit E)**

As the below and attached exhibits will show, Young has a misguided and almost delusional sense of his skills and "importance" to CSL. Even after being admonished multiple times and being placed on a Final Written Warning, Young was writing to corporate Human Resources suggesting that the Company should be "grooming" him for a "corporate level position."

As far as his Charge is concerned, contrary to his fabricated claims, Young was terminated by CSL after he abandoned his job. Young, after being placed on a Final Written Warning for multiple performance deficiencies and behavioral issues, immediately stopped coming to work, claiming that his doctor had instructed him to remain out of work for some unknown medical condition. Young applied for Short-Term disability, which application was rejected by CSL's third-party disability vendor, MetLife, because the documentation supplied by Young was not adequate to support an

---

[1] Note that Michigan State Police Detective Sargent LaMay, who is investigating Young's "perjury" complaint against Tasiemski, has informed us that Young is already and regularly calling her supervisor at the Michigan State Police and complaining about her.



CBSN News

# MetLife, 34 states reach settlement near $500 million





Comment / Share / Tweet / Stumble / Email



(CBS/AP) LOS ANGELES — MetLife Inc. (MET) will pay nearly $500 million in a settlement involving more than 30 states that claimed it didn't provide life insurance benefits to some of its policyholders, the company said Thursday.

The largest life insurer in the United States said it expects to pay about $438 million of the $478 million this year, and the remain for over the next 17 years.

State regulators investigated MetLife's use of the Social Security Administration's "Death Master" file, a database of people who have died.

California Controller John Chiang said a joint investigative hearing held last year revealed MetLife had information about the deaths of some of its life insurance policyholders but failed to notify them as required.

"These settlements make it clear that if the industry isn't willing to make the payments legally required, we will take action, including lawsuits, to compel them to do right by their customers," Chiang said.





MetLife maintains it pays more than 99 percent of life insurance claims and it has been working with regulators to ensure everyone is paid.

MetLife long-term care insurance may become subject and draws sharp barbs for alleged foreclosure abuses MetLife settles to treat customers fairly

"The company has been working with regulators in developing industry-wide practices and is pleased to announce new processes that will provide an even stronger safety net for the limited number of beneficiaries who do not interact with the company in the normal course of business," the company said in a statement.

MetLife has undertaken a variety of steps to locate policyholders it has lost contact with the company, including implementing a monthly matching process. The company also has created a website to help customers file a claim quicker.

California's share from the agreement, which was reached last week, is expected to be about $40 million. It's not immediately known how much the other 39 states will receive.

Among those included in the settlement are Florida, Illinois, North Dakota and Pennsylvania.

Chubb reached similar agreements with insurer John Hancock (MFC) and Prudential Insurance (PRU) last year that totaling more than $50 million.

© 2017 CBS Interactive Inc. All Rights Reserved. This material may not be published, broadcast, rewritten, or redistributed. The Associated Press contributed to this report.

Comment / Share / Tweet / Stumble / Email

## Recommended

Parents of Noah Thomas, 6 year-old Virginia boy found dead in septic tank, charge...

Raymond Fernandez, Florida man molester backed by boy's tricks, gets 33 years

Gorgeous self tanner stands Instant and Gradual
*Los Angeles Express.com*

Top Things You Should Know About Dental Implants

## Featured in MoneyWatch



### The 10 best—and worst—U.S. states for retirement
Planning where to retire will rank a state by...



## Watch CBSN Live

### Watch CBS News Live
Watch CBS News anytime, anywhere with the new 24/7 digital news network. Stream CBSN live or on demand for free on your TV, computer, tablet, or smartphone.

## Latest From Us


Microsoft set to hire people with autism


No sudo change of TSA naked kids in foot rules


YouTube fuels app accused of exploiting children's "trusting nature"


How long does it take to get approved for a mortgage?


IRA distribution mistakes to avoid

Digital News



29355 NORTHWESTERN HIGHWAY
SUITE 140
SOUTHFIELD, MI 48034
(866) 637-7575

3/9/2020

LASHAWN YOUNG
20687 KENSINGTON CT
206
SOUTHFIELD, MI 48076

EMPLOYER/INSURED: CSL BEHRING LLC
CLAIM NUMBER: FMK7006
DATE OF INJURY: 01/10/2014
APPOINTMENT DATE: **03/23/2020 at 09:30 am: This appointment can last up to 4-6 hours. Please plan accordingly.**

An appointment has been scheduled for you at the request of FRANCINE MAYES of TRAVELERS (WC)/INDIANAPOLIS. Your evaluation is on Monday, March 23, 2020 at 9:30 am. The evaluation will take place at 29355 NORTHWESTERN HIGHWAY, SUITE 140 SOUTHFIELD, MI 48034.

**DATE AND TIME OF EVALUATION:**
This evaluation has been scheduled for Monday, March 23, 2020 at 9:30 am. Please be prepared to present photo ID at the time of your appointment.

**LOCATION OF EVALUATION:**
The evaluation will take place at 29355 NORTHWESTERN HIGHWAY SUITE 140, SOUTHFIELD, MI 48034. For verbal directions please call (248) 356-8050.

**INDEPENDENT EXAMINER:**
HARVEY AGER , M.D., Specialty: Psychiatry, will perform the evaluation. The examiner is an independent evaluator. After the evaluation is completed, the examiner will provide a written report to the party that scheduled your evaluation. That report will contain the examiner's opinion regarding your condition.

**RECORDS AND REPORTS:**
Please bring films including any MRI, X-Rays or CAT scans. The examiner will need these records in order to make a complete evaluation of your condition. There will be forms to fill out, please plan accordingly or if forms are attached please complete and bring to your appointment.

**PLEASE ARRIVE ON TIME OR YOU WILL NOT BE SEEN**

**IF YOU ARE A MINOR YOU MUST BE ACCOMPANIED BY A PARENT OR LEGAL GUARDIAN**
**PLEASE CALL TO CONFIRM YOUR APPOINTMENT UPON RECEIPT OF THIS LETTER AT (866) 637-7575.**

**Sincerely**
**Ayania C**

CC:

FRANCINE MAYES at TRAVELERS (WC)/INDIANAPOLIS

LASHAWN YOUNG
20687 KENSINGTON CT
206
SOUTHFIELD, MI 48076

harvey ager 



Images  Shopping  Maps  News  More          Settings   Tools

**CORONAVIRUS DISEASE (COVID-19) - UNITED STATES**

If you think you have been exposed to COVID-19 and develop a fever and symptoms, such as cough or difficulty breathing, call your healthcare provider for medical advice.

Source: Centers for Disease Control and Prevention

For informational purposes only. Consult your local medical authority for advice. Learn more

www.vitals.com › Find a Doctor › MI › Detroit
## Dr. Harvey G Ager MD Reviews | Detroit, MI | Vitals.com

Harvey G Ager, MD is a doctor primarily located in Detroit, MI, with another office in Southfield, MI. Their specialties include Psychiatry. Rating Overview. 19 ...

www.healthgrades.com › Psychiatrists › MI › Southfield Psychiatrists
## Dr. Harvey Ager, MD - Reviews - Southfield, MI - Healthgrades

Harvey Ager, MD. Harvey Ager, MD. 29355 Northwestern Hwy Ste 140 Southfield, MI 48034.

health.usnews.com › Health › Doctors
## Dr. Harvey Ager, Psychiatrist in Southfield, MI | US News Doctors
Dr. Harvey Ager is a psychiatrist in Southfield, Michigan and is affiliated with DMC Harper University Hospital. He received his medical degree from Wayne State ...

www.doximity.com › States › Michigan › Southfield
## Dr. Harvey Ager, MD – Southfield, MI | Psychiatry - Doximity
Dr. Harvey Ager, MD is a board certified psychiatrist in Southfield, Michigan. He is affiliated with DMC Harper University Hospital.

www.ratemds.com › Doctors › Michigan › Southfield › Psychiatrists
## Dr. Harvey Ager - Southfield, MI - Psychiatrist Reviews ...

Dr. Harvey Ager has a 1.5/5 rating from patients. Visit RateMDs for Dr. Harvey Ager reviews, contact info, practice history, affiliated hospitals & more.

doctor.webmd.com › ... › MI › Detroit › Dr. Harvey Gerald Ager, MD
## Appointments and Hours of Operation for Dr. Harvey Ager ...

Harvey Gerald Ager, MD. Is this you? Claim your profile. Psychiatry. 18. Leave a review. Harvey G Ager MD PLLC. 3990 John R St, Detroit, MI, 48201. 1 other ...

doctor.webmd.com › Psychiatry › MI › Detroit
## Harvey Ager, Harvey G Ager MD PLLC - Psychiatry Doctor in ...

Harvey Gerald Ager, MD. Is this you? Claim your profile. Psychiatry. 18. Leave a review. Harvey G Ager MD PLLC. 3990 John R St, Detroit, MI, 48201.

www.medicinenet.com › doctors › harvey-ager › southfield-mi_doctor
## Dr. Harvey Gerald Ager Psychiatrist Southfield, MI MedicineNet
Ager works in Detroit, MI and 1 other location and specializes in Psychiatry. Dr. Ager is affiliated with Harper University Hospital. Gender: N/A. Years in Practice: N/ ...



# Ager Harvey MD

Directions   Save

1 Google review

Doctor in Southfield, Michigan

**Address:** 29355 Northwestern Hwy # 140, Southfie

**Phone:** (248) 356-8050

Suggest an edit · Own this business?

## Add missing information

Add business hours

Add website

Know this place? Answer quick questions

## Reviews from the web

| Vitals.com | Healthgrades |
|---|---|
| 1.5/5 | 1.4/5 |
| 19 votes | 11 reviews |

Send to your phone

## Reviews          Write a revie

1 Google review

## People also search for

| Adelson Irwin MD | Dr. Edward A. Hollenber... | Dr. Irina Fiksman, MD | Dr. Henr A. Shev MD |
|---|---|---|---|

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States Relator Lashawn Young

## DEFENDANTS

CSL Plasma et al
700 Bricken Sound Pkwy Suite 400
Boca Raton, FL 33487 Palm Beach

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
N/A  Lashawn Young
26089 Kensington Court Apt 206
Southfield, MI 48076

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| ☑ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☑ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| ☑ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Qui Tam 31 USC 3729 et seq
Brief description of cause: CSL et al, are engaging in Fraud, Corruption etc

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ Exceeds 75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*:

Honorable Denise Page Head 2-15-cv-10030

JUDGE Marianne Battani   DOCKET NUMBER 2:15-cv-11028

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

## PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?

 ☐ Yes
 ☑ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2. Other than stated above, are there any pending or previously
 discontinued or dismissed companion cases in this or any other
 court, including state court? (Companion cases are matters in which
 it appears substantially similar evidence will be offered or the same
 or related parties are present and the cases arise out of the same
 transaction or occurrence.)

 ☑ Yes
 ☐ No

If yes, give the following information:

Court: _US District Court Eastern District of Michigan_

Case No.: _2:15-cv-10080 and 2:15-cv-11028_

Judge: _Denise Page Hood and Marianne Battani_
_Michigan Worker's Compensation Court — Young v CSL — Judge Michael Hecik_

Notes :