UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
*ex rel.* LASHAWN YOUNG,

      Plaintiffs,

v.

CSL PLASMA, PAUL PERREAULT,
DANIEL TASIEMSKI, OGLETREE
DEAKINS LAW FIRM, MICHAEL
TRICARICO, METLIFE, and
TRAVELERS INSURANCE,

      Defendants.

_____/

Case No. 20-cv-10738

Paul D. Borman
United States District Judge

## **OPINION AND ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT**

LaShawn Young ("Relator") filed this action *pro se* pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, seeking relief for alleged false claims presented to the United States Government by Defendants. (ECF No. 1, Complaint.) Relator also filed an Application to Proceed Without Prepaying Fees or Costs. (ECF No. 2.)

On July 10, 2020, the United States filed its Notice of Election to Decline Intervention in this case (ECF No. 4, Notice), and on July 13, 2020, the Court entered an Order unsealing the Complaint and Notice. (ECF No. 5.)

Relator filed a motion for additional time to obtain a private attorney (ECF No. 6), which the Court granted on August 6, 2020, providing that Relator "shall obtain counsel and have him/her file an appearance on or before September 8, 2020 or she shall proceed *pro se.*" (ECF No. 7.) On September 5, 2020, Relator filed a Notice that she has been unable to obtain private counsel and requesting to proceed *pro se*. (ECF No. 8.)

The Court finds Relator's application to proceed *in forma pauperis* to be facially sufficient and, therefore, grants Relator's motion to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a); *Gibson v. R.B. Smith Co.*, 915 F.2d 260, 262 (6th Cir. 1990).

Once a court grants a plaintiff permission to proceed *in forma pauperis*, it must review the complaint pursuant to 28 U.S.C. § 1915(e). The court "shall dismiss" the case if the court finds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Relator has presented a claim under the False Claims Act, contending that the defendants "are engaging in a fraud and corruption scheme to wrongfully terminate employees, wrongfully deny disability claims and workman's comp claims, wrongfully deny unemployment benefits[,] etc." and that the defendants "have

victimized untold numbers of current and former CSL employees, which only Federal authorities can investigate and punish." (Complaint, PgID 8, 12.)

The FCA establishes a scheme that permits either the Attorney General or a private party to initiate a civil action alleging fraud on the Government. 31 U.S.C. § 3729, *et seq.* "Under the Act's *qui tam* provisions, a private individual may bring a civil action on behalf of the United States against persons who knowingly submit false or fraudulent claims to the government for payment in violation of 31 U.S.C. § 3729(a)." *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2005) (footnote omitted). The United States is a "real party in interest" to an FCA action. *See U.S. ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 935 (2009). Thus, Relator seeks to prosecute this action on behalf of the United States, and not on her own behalf. Although 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel," that statute does not permit plaintiffs to appear *pro se* where interests other than their own are at stake. *Shephard v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). In cases where the United States has declined to intervene, such as this case, relators who proceed with a *qui tam* FCA action "are not prosecuting only their 'own case' but also representing the United States and binding it to any adverse judgment the relators may obtain." *Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116, 1126-27 (9th Cir. 2007).

Relator's claims under the FCA are subject to dismissal because this Court lacks subject matter jurisdiction to hear a *qui tam* action brought on behalf of the United States by a *pro se* litigant. *See Carter v. Washtenaw Cnty.*, No. 09-14994, 2010 WL 3222042, at *1 (E.D. Mich. Aug. 13, 2010) (dismissing complaint on screening pursuant to 28 U.S.C. § 1915(e) because the "only potential federal cause of action" was a *qui tam* action under the FCA that could not be brought by a *pro se* relator); *see also U.S. ex rel. Tran v. Detroit Land Bank Auth.*, No. 16-10291, 2018 WL 1516914, at *1 (E.D. Mich. Mar. 28, 2018) (dismissing action because "Tran cannot bring a FCA qui tam action [against any defendant] on behalf of the United States as a pro se litigant"). Although the FCA does not expressly address whether a private individual can bring a *qui tam* suit *pro se*, the courts that have considered the issue have uniformly held that *pro se* relators may not prosecute *qui tam* actions. *See, e.g., Jones v. Jindal*, 409 F. App'x 356 (D.C. Cir. 2011) (per curiam) ("[A] *pro se* plaintiff may not file a *qui tam* action pursuant to the False Claims Act."); *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92-94 (2d Cir. 2008) (and cases cited therein) ("Because relators lack a personal interest in False Claims Act *qui tam* actions, we conclude that they are not entitled to proceed *pro se*."); *Timson v. Sampson*, 518 F.3d 870, 873-74 (11th Cir. 2008) ("The absence of an explicit authorization for *qui tam* suits to be brought *pro se* could indicate … an intention by Congress that *qui tam* suits be brought according to § 1654 and 'the established

procedure which requires that only one licensed to practice law may conduct proceedings in court for anyone other than himself'"); *Stoner*, 502 F.3d at 1126-27; *United States ex rel. Brooks v. Lockheed Martin Corp.*, 237 F. App'x 802, 803 (4th Cir. 2007) (per curiam) ("A lay person may not bring a *qui tam* action under the False Claims Act").

Further, Relator's allegations regarding Defendants lying to employees and failure to meet obligations to employees under unemployment, worker's compensation and/or disability insurance do not constitute fraudulent claims presented to the United States for payment. 31 U.S.C. § 3729(a). Accordingly, Relator's complaint fails to state a cognizable claim for relief under the FCA.

Accordingly, for the foregoing reasons, Relator, who is proceeding without the assistance of counsel, is prohibited from bringing this *qui tam* action under the FCA and Relator's complaint is DISMISSED.

IT IS SO ORDERED.

s/Paul D. Borman  
Paul D. Borman  
United States District Judge

Dated: September 30, 2020

5